The plaintiff, in deducing his title, produced a deed, on the back of which was a, memorandum dated in the year 1793 in the following words: "this day came before me the bargainer, and acknowledged the execution of the within deed for the purposes expressed," signed "John M'Nairy," upon which the deed was registered in the proper county, and certified by the register.
Some years past an appeal was sent up from the County Court of Davidson; the *Page 328 
transcript was headed "pleas, c., before, c.," expressing the court, the clerk signed his name thus "a copy,
 ANDREW EWING."
The Court decided that this could not judicially prove that Andrew Ewing was clerk of Davidson county unless he had signed his name officially; upon suggestion of diminution a certiorari was allowed, and a correct record brought up. I am not disposed at this time to question the propriety of this decision, but it seems to me to border on nicety. In this case, however, the certificate of the clerk had not any date from which the Court could know that at the time of signing Andrew Ewing was clerk of the court or not.
In the case of Coulter's Lessee v. Hodge, at Knoxville, a copy of an entry signed "A. B., E. T." was received, though without date, and though the Court knew that A. B. had not been entry taker for a great length of time. The case of a mittimus by a justice of the peace does not apply.
The law seems to be, that this court may know officially all officers known to the laws of the State of whose appointment there is a record. Though we may know such officers, we are not bound to acquire this knowledge, nor in fact will the law presume it as to inferior officers.
Though we may know the respective officers in the State whose duties are pointed out by the laws, yet we may not know them. Hence an officer ought to state the character in which he does an act. When this is done, the law will presume he possesses the character he assumes. It is not absolutely necessary that an officer should state his official capacity; if in the body of the certificate facts are stated from which an incontrovertible presumption arises that the act was done in an official capacity, it seems to be sufficient.[1] In this case the law of the State enables us to know that a judge of the Superior Court, out of court, was authorized to receive the acknowledgment of deeds for lands or probate by witnesses, and that such deeds thus authenticated were to be registered. *Page 329 
It is known to this court that John M'Nairy was a judge of the Superior Court at the time this acknowledgment was made, and we know it is his signature. A judge is to know the law of the land, why may he not know the official capacity of men pointed out by those laws, and of which there is a record? and why can he not state the one as well as the other when he does know it? When an officer states his official capacity, it is primâ facie evidence, and no instance is recollected, of such evidence having been disputed. Is not the knowledge of the judge in this respect at least equal to theprimâ facie evidence referred to? It seems to me that it ought as to the capacity of officers known to the laws of the State, who are authorized to certify facts, to be on the same footing.
When officers intrusted by law with the discharge of certain duties, officially certify, their certificate respecting the discharge of those duties will be received in a court of justice without confirmatory proof.
The certificate of a private act cannot be received as evidence. It extends no further than to official acts. So of a judge, his knowledge of a fact would be inadmissible as primâ facie evidence, unless relating to his own, or the official existence or duties of others known to the laws of the State.
In this case it is not stated that the acknowledgment was received as judge, but as the act would be void if done as an individual, the law will presume the acknowledgment to have been taken in pursuance of the authority with which "John M'Nairy" was clothed at the time the act was done.[2] The deed ought to be received as evidence.
[1] 3 Binn. 539.
[2] 3 Binn. 539.